OPINION
{¶ 1} Appellant Abdiwahab M. Madhobe appeals a judgment of the Canton Municipal Court convicting him of criminal trespass (R.C.2911.21):
 {¶ 2} "The lower court committed prejudicial error in its decision to overrule appellant's motion to dismiss compliant for unconstitutional conduct by sheriff and selective prosecution, and by preventing appellant Madhobe from presenting evidence regarding same at hearing.
 {¶ 3} "Appellant Madhobe did not waive his right to speedy trial, and even if this court finds that he did in fact waive those rights, he did so without counsel and under pressure by the Judge of the trial court and the prosecuting attorney.
 {¶ 4} "The trial court violated appellant Madhobe's sixth amendment right to an attorney of his choice and engaged in judicial misconduct in addressing appellant Madhobe outside of the presence of his attorney in an unscrupulous attempt to convince appellant Madhobe to waive his constitutional and statutory rights to speedy trial, after having made prior attempts to do same on the record and off the record, and while undersigned counsel was representing appellant Madhobe.
 {¶ 5} "Trial judge should have disqualified himself from the proceedings since he acted in a manner which indicated a clear bias or prejudice against appellant Madhobe and undersigned counsel.
 {¶ 6} "Trial court committed prejudicial error by not ruling on pending motions.
 {¶ 7} "Court purposely and repeatedly failed to consider any and all motions and/or requests made by undersigned counsel in the pending matter, including requests for transcription for purposes of appeal and thus committed prejudicial error.
 {¶ 8} "The trial court violated undersigned counsel's and appellant Madhobe's civil rights, specifically, the trial court violated ohio rev. code section 2921.45, by denying appellant Madhobe his right to be represented by counsel, barring undersigned counsel from speaking to his client, and barring appellant Madhobe from speaking to undersigned counsel in a clear attempt to extrajudicially secure a waiver of appellant Madhobe's statutory and constitutional rights to speedy trial."
 {¶ 9} On April 8, 2002, appellant was driving an automobile which passed through a security gate at The Timken Company at approximately 10:00 p.m. in the evening without stopping at the stop sign. Appellant then drove past a "Do not Enter" sign, and approached the Timken plant. Appellant was later stopped while attempting to leave the company premises. Appellant and the passenger in the vehicle, Faiq Farroqui, stated that they were employed by ATT, and were lost. They stated that they did not know that they were driving on private property, and did not see the security guard, the stop sign, or the "Do Not Enter" sign. Appellant and the passenger in the car were both charged with criminal trespass.
 {¶ 10} On May 2, 2002, appellant filed a motion to dismiss the complaint for unconstitutional conduct by the sheriff, and selective prosecution. Appellant claimed he was singled out for prosecution solely because he was from Kenya, and of the Muslim faith. At a May 8 hearing on the motion, appellant notified the court that he had not received the discovery from the prosecutor which he needed to prepare for a hearing on the motion. The court then decided to have a combination trial and hearing on the same date set for trial. Tr. 17.
 {¶ 11} Trial was scheduled to begin at 9:00 a.m. on May 20, 2002. While discussing the possibility of a plea agreement in the hallway, a disagreement arose between the prosecuting attorney and counsel for appellant. Counsel for both parties appeared in the courtroom and placed the incident on the record. The prosecutor represented to the court that when he informed counsel for appellant that he could not reduce the charge to attempted criminal trespass, counsel for appellant stated to the prosecutor, "Is there anything short of my client affording you a sexual activity to get you to reduce the case?" Tr. 28. The prosecutor told counsel to get away from him, and when he refused, the prosecutor walked away. The conversation was confirmed by another employee of the prosecutor's office.
 {¶ 12} The court then removed counsel for appellant from the case. The court had a discussion with appellant on the record, and obtained a time waiver to enable appellant to hire a new attorney, as May 20 was the last day within which the case could be timely tried.
 {¶ 13} The case proceeded to jury trial on June 19, 2002. Following trial, appellant was convicted as charged. On July 22, 2002, appellant was sentenced to 30 days incarceration and fined $100. All days of incarceration were suspended on condition of appellant's good behavior for two years. Appellant was ordered to complete 100 hours of community service, and was not permitted within 500 feet of The Timken Company premises.
 I {¶ 14} In his first assignment of error, appellant argues that the court erred in overruling his motion to dismiss for selective prosecution, and erred by preventing him from presenting evidence regarding the motion.
 {¶ 15} On the day the motion was to proceed to hearing, appellant objected because he had not received discovery. The trial court then decided to continue the hearing, and have a combination trial/hearing on the same date. Tr. 17. Appellant then desired to call one witness in support of his motion, who would not be available on the trial date. The court denied the motion, as counsel for appellee did not have time to prepare to cross-examine this witness.
 {¶ 16} While appellant filed a request for a transcript, the only transcript filed in the instant case is of the May 8 hearing on the motion to dismiss, and the May 20 hearing at which counsel for appellant was removed from the case. Where portions of the record necessary to resolve the assignment of error are not a part of the record, the court of appeals must presume regularity and affirm. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197. Without a transcript of the trial, we have no way to determine whether the court prevented appellant from presenting evidence on the motion, or if the evidence presented supported appellant's claim of selective prosecution. The duty to provide this court with a transcript or statement of evidence to support his claim is on appellant. App.R. 9.
 {¶ 17} The first assignment of error is overruled.
 II {¶ 18} Appellant argues that the waiver of appellant's speedy trial rights was not knowing, voluntary, and intelligent, but rather was given only under pressure by the court.
 {¶ 19} After removing counsel for appellant from the case, the court banned appellant's counsel from the courtroom, and explained to appellant what was going on, and what was going to take place in the future. The court instructed appellant he was not going to allow the trial to go forward that day under the circumstances, as appellant was not represented by counsel through no fault of his own. The court then instructed appellant that they could provide an attorney to represent him. The court advised appellant that another pre-trial could be set to given him an opportunity to seek new counsel, or in the alternative, to appoint a public defender. The record does not reflect that the court pressured appellant into the time waiver. Rather, the waiver was secured in order to benefit appellant, as May 20 was the last day for timely trial, and the court wanted to make sure appellant was represented by counsel. The record does not reflect that the court pressured appellant; rather, the court explained the nature of the problem to appellant whereupon appellant agreed to waive time in order to allow him to hire another attorney.
 {¶ 20} The second assignment of error is overruled.
 III {¶ 21} Appellant argues that he was denied his right to counsel when the court obtained his waiver of his speedy trial rights. This claim is without merit. As noted in the statement of facts, counsel for appellant was removed from the case due to his own actions. The trial court went to great lengths to confer with appellant, and explain the reasons his counsel was removed. Tr. 34-42. To assist appellant, the court appointed the Stark County Public Defender's office to represent him. Subsequently, appellant obtained counsel. Appellant has not demonstrated that the court denied appellant his right to counsel in seeking the time waiver.
 {¶ 22} The third assignment of error is overruled.
 IV {¶ 23} Appellant argues that the trial court erred in failing to recuse itself from the instant case.
 {¶ 24} On May 21, an affidavit of disqualification of Judge Kubilus was filed by both counsel for appellant, who had recently been removed from the case, and by appellant. Pursuant to R.C. 2701.031, the affidavit of disqualification was forwarded to the presiding judge of the Common Pleas Court. On May 31, 2002, Judge Charles Brown, Jr., filed an entry in the Miscellaneous Docket under Case No. 2002MI00122, denying disqualification. Pursuant to the statutory guidelines, the court recited that it had reviewed the affidavits filed in the matter, and found no allegation or evidence that the action in removing the attorney was in any way the result of any bias or prejudice for or against appellant. The court then considered the issue of whether the judge evidenced any bias or prejudice against counsel for appellant. The court considered the actions which gave rise to the removal of counsel, and found that pursuant to Royal Indemnity Company v. J.C. Penney Company (1986),27 Ohio St.3d 31, 34, the dismissal of the attorney fell within the trial court's power to protect its pending proceeding, which includes the authority to dismiss an attorney who cannot, or will not, take part in the proceeding with a reasonable degree of propriety. The court found that the statement made by counsel for appellant to the prosecutor in the hallway concerning sexual favors fell below a reasonable degree of propriety.
 {¶ 25} The trial court's exercise of its supervisory authority is discretionary, and an attorney challenging the court's exercise of that discretion must demonstrate that the trial court abused its discretion. Id. at 35. Appellant has not demonstrated that the trial court abused its discretion, nor has appellant demonstrated that Judge Brown erred in his decision concerning disqualification. Further, as we have no transcript of the actual trial proceedings, appellant has not demonstrated that the record supports a claim that the court was prejudiced or biased against appellant.
 {¶ 26} The fourth assignment of error is overruled.
 V {¶ 27} In his fifth assignment of error, appellant argues that the court erred in failing to rule on numerous pending motions. Appellant fails to point to specific motions which he claims were not ruled on, and which resulted in prejudice to him. The record reflects that motions were filed by counsel for appellant on appeal, who had been removed from the case by the trial court. The court need not consider motions that were filed by counsel who was not counsel of record. Appellant has demonstrated no error in the court's failure to rule on any pending motions.
 {¶ 28} The fifth assignment of error is overruled.
 VI {¶ 29} Appellant argues that the court denied his attorney's right to file motions, protect the record, and get a transcript, by removing him from the case.
 {¶ 30} As discussed in assignment of error IV concerning the affidavit of disqualification, the trial court acted within its discretionary power in removing counsel from the case. Following such removal, the court need not give counsel the right to file motions or do anything to protect the record.
 {¶ 31} As to the transcript, while numerous requests for the transcript appear in the file, filed by both counsel for appellant who had been removed from the case, and by another attorney, no transcript was prepared and filed in the instant case. Pursuant to App.R. 9, it was incumbent upon appellant to insure that a transcript was prepared and filed as a part of the appeal in the instant case, or that a statement of the evidence was properly filed. Having failed to take appropriate action to provide this court with a record, appellant cannot now claim error in the failure of the court to prepare a transcript upon request.
 {¶ 32} The sixth assignment of error is overruled.
 VII {¶ 33} In his seventh assignment of error, appellant argues that the court erred in barring his attorney from speaking to him. As noted earlier in his opinion, the court, in its supervisory powers, took action to remove counsel from the case, which has been deemed to be an appropriate use of the court's discretion by both the Common Pleas Court, reviewing the affidavit of disqualification, and by this court in IV above. Having properly removed counsel from the case, the court had no obligation to allow him to speak to his former client.
 {¶ 34} The seventh assignment of error is overruled.
 {¶ 35} The judgment of the Canton Municipal Court is affirmed. Costs to appellant.
By Gwin, P.J., Wise, J., and Boggins, J., concur.